# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# SAN ANTONIO DIVISION

| | | |
|---|---|---|
| DELL CULLUM, | § | |
| | § | |
| Plaintiff, | § | CIVIL ACTION NO. |
| v. | § | |
| | § | SA-07-CV-0076 WWJ |
| DIAMOND A HUNTING, INC., a/k/a | § | |
| DIAMOND A RANCH, | § | |
| DIAMOND A SPUR RANCH, LTD., and | § | |
| DALENE WHITE, | § | |
| | § | |
| Defendants. | § | |

## ORDER DENYING MOTION FOR PROTECTIVE ORDER IN PART AND DIRECTING PRODUCTION FOR IN CAMERA REVIEW

The matter before the Court is the motion for protective order (docket entry 67), as well as plaintiff's response thereto (docket entry 77). The motion was referred to the undersigned on December 1, 2008 for resolution.

Counsel for the parties appeared on January 16 for a hearing on the pending discovery motions after filing advisories which clarified the matters of disagreement remaining.

The motion for protective order relates to a subpoena duces tecum appended to the deposition notice of defendant Dalene White, individually and as corporate representative of defendants. Defendants argue that they have submitted all the documents in their possession responsive to all the items listed in the duces tecum request, except those which involve Income Tax Statements.[1] As to those items, the defendants argue that the request seeks information which is irrelevant and in which private information is inextricably intertwined. Plaintiff responds that the tax returns are sufficiently

---

[1] Plaintiff's duces tecum request identifies "Income Tax Statements" which the Court interprets to mean Federal Income Tax Returns.

relevant to the claims.

## Analysis

Federal Rule of Civil Procedure 26(b)(1) provides that "parties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party." So long as a claim has not been dismissed, the claims establish the bounds of relevancy under Rule 26(b)(1).

Defendants' motion is made (although not expressly) pursuant to Federal Rule of Civil Procedure 26(c). That rule authorizes the court to issue an order upon a showing of good cause to protect a party from annoyance, embarrassment, oppression or undue burden or expense.

As to each of the items in dispute the defendants argue that records for 2005 are irrelevant because the alleged infringing publication did not occur until 2006. I overrule that objection. The records for 2005 are relevant insofar as they serve as a point of comparison against the income reflected in the 2006 and 2007 records. Plaintiff may be able to use evidence of any increase in revenues to show that use of his photographs on the advertising materials contributed to that additional income.

To the extent defendants state that they have no tax records (i.e., for Diamond A Ranch) the motion for protection order is GRANTED. They cannot be compelled to turn over what they do not have.

As to records for Diamond A Spur Ranch Limited, defendants state that the tax records reflect no income. That is no reason not to turn over the records. That objection is overruled.

Defendants further object to production of the tax statements for Dalene White and Diamond A Hunting, Inc. on grounds of relevancy. Section 504(b) of Title 17, United States Code, provides:

> **Actual Damages and Profits.**--The copyright owner is entitled to recover the actual damages suffered by him or her as a result of the infringement, and any profits of the infringer that are attributable to the infringement and are not taken into account in computing the actual damages. In establishing the infringer's profits, the copyright owner is required to present proof only of the infringer's gross revenue, and the infringer is required to prove his or her deductible expenses and the elements of profit attributable to factors other than the copyrighted work.

Plaintiff's damages are limited to those gross revenues <u>reasonably related</u> to the infringement.[2] The defendants argue that their gross revenues reflected on the tax documents are attributable to a number of activities which include but are not limited to hunting leases and seminars. They argue that the revenues from the various activities are commingled on the tax returns and include revenues unrelated to hunting and seminars, and therefore render the tax returns non-discoverable. While that may be true, plaintiff is entitled to information bearing on defendants' revenue for these years and the tax statements may contain the level of detail necessary to determine the revenues from those specific activities. Additionally, those returns may contain information concerning deductible expenses.

Notwithstanding the above, the Court acknowledges that the tax statements may not contain sufficient detail to be discoverable. If not discoverable, the protective order is warranted. In the interests of justice, the defendants are directed to deliver to the chambers of the undersigned no later than **January 26, 2009** a copy of any Federal Income Tax Returns for 2005, 2006 and 2007, for Diamond A Spur Ranch Limited, Diamond A Hunting, Inc., and Dalene White. The Court will review those documents to determine if the documents are relevant and discoverable. Any discovery ordered will be subject to a confidentiality agreement to which the parties represented at the hearing they were prepared to agree.

---

[2] **Bonner v. Dawson**, 404 F.3d 290, 294 (4th Cir. 2005).

For the reasons stated above, the motion for protective order is DENIED in part, with further ruling pending the Court's in camera review.

**SIGNED on January 21, 2009.**

*/s/ Nancy Stein Nowak*
**NANCY STEIN NOWAK**
**UNITED STATES MAGISTRATE JUDGE**